UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Alexandre Isiah Ansari,

                Petitioner,    Case No. 16-cv-13179

v.                                 Judith E. Levy
                                     United States District Judge

Thomas Winn,

                Respondent.
_____/

## OPINION AND ORDER DENYING MOTION TO INTERVENE AND TO UNSEAL ORDER ON SEALED MOTION [27] AND ORDER CLARIFYING REASONS FOR MAINTAINING SEAL ON CERTAIN DOCUMENTS ON THE RECORD IN THIS CASE

The Court dismissed this case on March 18, 2019 upon the parties' stipulation. (ECF No. 26.) On September 19, 2022, Proposed Intervenors, City of Detroit and Moises Jimenez moved to intervene and unseal certain documents. (ECF No. 27.) Petitioner Alexandre Ansari, his habeas counsel, Wayne County Prosecutor Kym Worthy's Office, and Respondent Thomas Winn all responded to Proposed Intervenors' motion. (ECF Nos. 30, 31, 32, 33.) Proposed Intervenors replied. (ECF Nos. 36, 37.) For the reasons set forth below, Proposed Intervenors' motion to intervene and unseal is denied.

## I.   Background

Mr. Ansari was convicted of first-degree murder on September 13, 2013 by a jury in Wayne County, Michigan. (ECF No. 30, PageID.1891.) He was sentenced to a term of life imprisonment. (*Id.*)

In 2016, Mr. Ansari filed a petition for a writ of habeas corpus. (ECF No. 1.) On July 10, 2018, this Court appointed the Federal Defenders Office ("FDO") to Mr. Ansari's case. (ECF No. 12.) The FDO, along with the Wayne County Prosecutor's Office Conviction Integrity Unit ("CIU") reviewed the case and discovered evidence that led the state court to overturn Mr. Ansari's conviction. (ECF No. 30.) Mr. Ansari was released from prison. (*Id.*)

The parties stipulated to the dismissal of this case in March 2019. (ECF No. 26.) In 2020, Mr. Ansari sued Proposed Intervenors under 28 U.S.C. § 1983. (*See* E.D. Mich. Case No. 20-10719, ECF No. 1 (the "§ 1983 case").) That case is pending before Judge Murphy and trial is set to begin on June 20, 2023. (*Id.* at ECF No. 84.)

Proposed Intervenors, who are defendants in the § 1983 case, moved to intervene in this case in September 2022. (ECF No. 27.)

2

## II. Motion to Intervene

### A. Legal Standard

Federal Rule of Civil Procedure 24(b) governs permissive intervention. The Rule states:

> On timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b). "So long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors" is within the district court's discretion. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).

### B. Analysis

In considering whether to exercise its discretion and permit Proposed Intervenors to intervene in this closed habeas case, the Court considers: (1) whether Proposed Intervenors' claim or defense shares a common question of law or fact with Mr. Ansari's habeas corpus case, (2) whether Proposed Intervenors' motion is timely, and (3) whether the

3

timing of the motion could create undue delay or prejudice to the adjudication of the original parties' rights. For the reasons set forth below, Proposed Intervenors' motion to intervene is untimely and creates undue delay or prejudice to the adjudication of the existing parties' rights. As such, the motion is denied.

When addressing the timeliness of motions to intervene, the Court must consider the following factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)). All five *Tennessee* factors weigh against Proposed Intervenors' intervention here.

The first *Tennessee* factor, the point to which the suit has progressed, weighs against granting intervention. As the Sixth Circuit has explained, "[t]he absolute measure of time between the filing of the

4

complaint and the motion to intervene is one of the least important of these circumstances." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000). Rather, "[a] more critical factor is what steps occurred along the litigation continuum during this period of time." *Id.*

Mr. Ansari filed this case on September 1, 2016 (ECF No. 1), and the case resolved in March 2019 with a stipulated dismissal. (ECF No. 26.) Proposed Intervenors did not file their motion until September 2022—over 3½ years after the case was closed. This substantial delay, particularly when combined with the remaining factors, weighs against granting Proposed Intervenors' motion.

The second *Tennessee* factor also weighs against granting the motion. Proposed Intervenors' purpose in seeking intervention here is not related to the claims and issues in the habeas case. The purpose of Mr. Ansari's habeas case was to challenge his conviction. (*See* ECF No. 1.) That conviction has now been vacated and Mr. Ansari is no longer imprisoned. Proposed Intervenors seek to intervene to obtain access to certain sealed documents. While Proposed Intervenors argue that the sealed documents relate to a collateral matter—the investigation of Petitioner's case by Prosecutor Worthy's office—they are not related to

the same relief sought in Mr. Ansari's original petition. Accordingly, the purpose of Mr. Ansari's original habeas case has little to do with Proposed Intervenors' reasons for their motion, and factor two weighs against granting intervention.

The third *Tennessee* factor—the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case—also weighs against granting the motion for intervention. Proposed Intervenors were on notice regarding the existence of this action since at least early 2020. Mr. Ansari filed his §1983 case against Proposed Intervenors on March 18, 2020. (*See* Case No. 20-10719). In that complaint, Mr. Ansari stated: "Following years of unsuccessful appeals, the Federal Defenders Office ("FDO") took over the case upon appointment from the federal district court Judge Judith Levy." (Case No. 2:20-cv-10719, ECF No. 1, PageID.6.) Moreover, on June 23, 2020, the parties to the § 1983 case included a reference to this Court's FDO appointment in their joint discovery plan. (*See* Case 2:20-cv-10719, ECF No. 10, PageID.61.) As such, Proposed Intervenors had notice of this case for at least two years prior to filing their motion. Rather than filing a motion within a

6

reasonable time after receiving notice of this case or during discovery in the § 1983 case, Proposed Intervenors waited until after discovery closed in the § 1983 case before filing their motion. (*See* Case 2:20-cv-10719, ECF No. 24 (indicating a discovery end date of March 29, 2022).) Accordingly, this years-long delay after Proposed Intervenors knew or should have known about this case weighs against granting intervention.

The fourth *Tennessee* factor—the prejudice to the parties—also weighs heavily against granting intervention. Proposed Intervenors argue that there would be no prejudice to Mr. Ansari because Mr. Ansari is no longer in custody and would be unaffected by the re-opening his habeas case. The Court sees this very differently. Re-opening Mr. Ansari's long-resolved habeas corpus case would not serve any purpose in addressing the claims or defenses raised in this habeas case. Indeed, the interests of finality and efficiency would be significantly impacted if, years after a case has been closed and the issues fully resolved, a non-party could re-open a habeas case as an intervenor for a collateral purpose. Indeed, the parties to this case have already been required to respond to Proposed Intervenors' claims years after the case was resolved successfully via stipulation. Moreover, Mr. Ansari's liberty interests

7

would be affected by re-opening the case in that his continued freedom from unconstitutional imprisonment is a resolved issue that could be undermined by re-opening the case. The Court therefore finds that re-opening this case would risk significant prejudice to the parties to it.

As to the fifth *Tennessee* factor, Proposed Intervenors have not presented any unusual circumstances in their case to justify intervention. There are some circumstances where a non-party may intervene in a closed case, which are not present here. For example, in *United Airlines, Inc. v. MacDonald*, 432 U.S. 385 (1977), the Supreme Court set forth a general rule that putative class members may not file a motion to intervene for the purpose of appealing the denial of class certification until after a final judgment has been entered and within the time for appeal.

The facts presented here are completely distinguishable from *MacDonald*. This long-dismissed habeas case is not a class case and does not involve denial of class certification. Moreover, even if *MacDonald* had established a "per se rule that a motion to intervene is always timely. . . if it is filed within 30 days of final judgment," (which is not a rule that the Sixth Circuit recognizes in any event), Proposed Intervenors have

8

long passed the 30-day time period since this case closed before bringing their motion. *See Clarke v. Baptist Memorial Healthcare Corp.*, 641 F. App'x 520, 523 (6th Cir. 2016).

Nor does this motion present facts where a limited-purpose intervention may be appropriate. The Sixth Circuit recognizes that, under Rule 24, intervention need not be an "all-or-nothing choice between grant or denial." *United States v. City of Detroit*, 712 F.3d 925, 931 (6th Cir. 2013). For example, intervention may be permitted "to participate in future remedial proceedings." *Id.* at 932. However, there is a general rule in limited intervention cases that intervention should be related to "claims raised by the original parties," and not "collateral issues." *Id.* (internal quotations omitted). As discussed above, Proposed Intervenors' motion is not related to Mr. Ansari's incarceration or conviction.

Accordingly, Proposed Intervenors fail to meet any of the five factors set forth in *Tennessee*, 260 F.3d at 592, and their motion to intervene is denied as untimely and unduly prejudicial to the existing parties.

### III. Sealed Documents

Proposed Intervenors' motion seeks to have the Court unseal a sealed motion for subpoena to produce documents. They state:

> Petitioner Alexandre Ansari filed a Sealed Motion for a Subpoena to Produce Documents, which included among other things, an affidavit from investigator/attorney Carol Stanyar of the Wayne County Prosecutor's Office Conviction Integrity Unit. ECF No. 21. The Order granting Petitioner Ansari's Motion and presumably detailing any finding justifying its nondisclosure to the public was sealed. ECF 23. . . .
>
> Here, there was no Order entered to seal documents. Instead, it appears that the documents were likely sealed pursuant to a Stipulated Protective Order agreed to by the parties. Under Shane and Local Rule 5.3, this was improper. Further, there is no record of reasons that the Court believed nondisclosure was warranted, the interests it sought to protect or how the nondisclosure was narrowly tailored to protect those interests.

(ECF No. 27.)

As background, there are seven sealed docket entries in this case. (ECF Nos. 16, 17, 18, 21, 22, 23, and 24.) ECF Nos. 21, 22, 23, and 24 should remain sealed for the reasons set forth below. Upon further review, ECF Nos. 16, 17, and 18 should be unsealed because their

contents is described on the docket entry and need not remain sealed whether or not this motion had been filed.

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal. There is a strong presumption in favor of open judicial records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Group* 925 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

11

ECF Nos. 16 (motion to seal), 17 (motion to seal and sealed motion to allow James Hoppe into Petitioner's place of incarceration), and 18 (Order granting motion to seal and motion to allow Hoppe) should be unsealed under this standard.

Docket entries ECF Nos. 21, 22, 23, and 24[1] were also appropriately sealed at the time they were filed and should remain sealed. As to *Shane Group* factors one and two—why the interests in nondisclosure are compelling and why the interests supporting access are less so—the information set forth in the sealed documents reveal sensitive information and investigative techniques that, if made public, could potentially jeopardize the ongoing investigation into the underlying murder. Proposed Intervenors have not set forth a public interest in this information other than their own interests in the separate § 1983 litigation. For these reasons, *Shane Group* factors one and two weigh in favor of maintaining the seal.

As to *Shane Group* factor three—that the seal be narrowly tailored—the current seal satisfies this factor. Only the docket entries

---

[1] ECF Nos. 21 is a sealed motion for a subpoena to produce documents. ECF No. 22 is a sealed order with motion. ECF No. 23 is a sealed order granting motion for a subpoena. And ECF No. 24 is a sealed stipulated protective order.

specifically discussing the investigation and sensitive information sought by the subpoena are sealed. Accordingly, all three *Shane Group* factors weigh in favor of maintaining a seal.

Finally, the Court addresses several additional points in the parties' briefs. First, Proposed Intervenors have failed to set forth whether they have satisfied the concurrence requirement in Eastern District of Michigan Rule 7.1(a). This deficiency alone supports striking and denying the motion. E.D. Mich. LR 7.1(a)(3). Because the motion is otherwise rejected, the Court simply reminds Proposed Intervenors of their obligations under Local Rule 7.1.

Second, this motion raises another important point. Proposed Intervenors are attempting to access documents and information that they have known about for a long time. The sealed motion for a subpoena to produce documents was supported by a sealed affidavit of attorney Carole Stanyar. (*See* ECF No. 21.) According to Prosecutor Worthy' brief, Proposed Intervenors have "extensively deposed" Ms. Stanyar in the § 1983 case already. (ECF No. 33, PageID.1971.) Proposed Intervenors' request to re-depose Ms. Stanyar after the discovery cut-off was denied in that case. (*Id*.) Proposed Intervenors did not make their motion in this

case until after that denial. Although the Court is not ruling on this issue, it appears from these facts and timeline that Proposed Intervenors' motion to intervene in this case is an improper attempt to circumvent Judge Murphy's order.

Finally, the Court rejects Proposed Intervenors' conjecture that this case is "shrouded in secrecy" or that there are "misrepresentations" that Mr. Ansari made to this Court, simply because there are sealed documents on the docket. (*See* ECF No. 27, PageID.1860, 1862.) Proposed Intervenors have not set forth any basis or support for these assertions, and the Court has not considered them in its analysis.

### IV. Conclusion

For the reasons set forth above, Proposed Intervenors the City of Detroit and Moises Jiminez's motion to intervene is denied.

**IT IS SO ORDERED.**

Dated: June 5, 2023             s/Judith E. Levy
    Ann Arbor, Michigan        JUDITH E. LEVY
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 5, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
